WO                                                                                                                              KM

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amante Gary Evans, | No. CV 10-952-PHX-GMS (JRI) |
| Plaintiff, | **ORDER** |
| vs. | |
| State of Arizona, et al., | |
| Defendants. | |

On April 29, 2010, Plaintiff Amante Gary Evans, who is confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a May 11, 2010 Order, the Court granted the Application to Proceed and dismissed the Complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On June 8, 2010, Plaintiff filed his First Amended Complaint. In a June 15, 2010 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On July 12, 2010, Plaintiff filed a Second Amended Complaint (Doc. 9). The Court will dismiss the Second Amended Complaint and this action.

. . . .

. . . .

## I. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

## II. Second Amended Complaint

In his one-count Second Amended Complaint, Plaintiff sues Maricopa County Sheriff Joe Arpaio. Plaintiff claims that his Fourth Amendment rights have been violated by numerous searches of his person and cell and by the confiscation of his property. Plaintiff claims that Defendant Arpaio has allowed him to be "constantly and wrongfully searched"

1 and that he has "suffered psychological injuries, also causing [him] to have severe anxiety
2 and emotional distress."

Plaintiff seeks money damages.

### III. Failure to State a Claim

With respect to cell searches, the Supreme Court has determined that "[a] right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order." <u>Bell v. Wolfish</u>, 441 U.S. 520, 527-28 (1979). Furthermore, any restriction on Plaintiff's privacy interests is justified to the extent that it is "reasonably related to legitimate penological interests." <u>See</u> <u>Turner v. Safley</u>, 482 U.S. 78, 89 (1987). The investigation and prevention of illegal inmate activity, including the prevention of contraband and circulation of threats, is a legitimate penological objective. <u>See</u> <u>Thornburgh v. Abbott</u>, 409 U.S. 401, 411-12 (1989). Accordingly, Plaintiff's claims regarding searches of his cell fail to state a claim.

With respect to body and strip searches, strip searches generally do not violate the Fourth Amendment rights of prisoners. <u>See Michenfelder v. Summer</u>, 860 F.2d 328, 332-33 (9th Cir. 1988). Strip searches that are "excessive, vindictive, harassing, or unrelated to any legitimate penological interest," may be unconstitutional. <u>Id</u>. at 332. Further, routine visual body cavity searches do violate prisoners' Fourth Amendment rights. <u>See</u> <u>Bell</u>, 441 U.S. at 558; <u>Thompson v. Souza</u>, 111 F.3d 694, 700 (9th Cir. 1997).

Plaintiff's allegations regarding searches of his person are extremely vague. Plaintiff describes the searches as frequent and alleges that nothing dangerous has ever been found on his person. However, Plaintiff does not allege facts showing that searches were vindictive, harassing, or unrelated to any legitimate penological interest. Although *pro se* pleadings are liberally construed, <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. <u>Ivey v. Board of Regents of the University of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982). Plaintiff has therefore also failed to state a claim with respect to body and strip searches.

**IV. Dismissal without Leave to Amend**

Because Plaintiff has failed to state a claim in his Second Amended Complaint, the Court will dismiss his Second Amended Complaint. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. Moore, 885 F.2d at 538.

Plaintiff has made three efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court. The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1) Plaintiff's Second Amended Complaint (Doc. 9) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(2) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(3) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 2nd day of August, 2010.

G. Murray Snow
United States District Judge