**WO**                                                                                          KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amante Gary Evans, | No. CV 10-952-PHX-GMS (JRI) |
| Plaintiff, | **ORDER** |
| vs. | |
| State of Arizona, et al., | |
| Defendants. | |

On April 29, 2010, Plaintiff Amante Gary Evans, who is confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a May 11, 2010 Order, the Court granted the Application to Proceed and dismissed the Complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On June 8, 2010, Plaintiff filed his First Amended Complaint. In a June 15, 2010 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order. On July 12, 2010, Plaintiff filed a Second Amended Complaint (Doc. 9). In an August 2, 2010 Order, the Court dismissed the Second Amended Complaint and this action for failure to state a claim. The Clerk of Court entered judgment on the same date.

1     On January 24, 2011, Plaintiff filed a "Letter" in which he requests that his filing fee be refunded, and that the Court provide him with information about where to file a lawsuit against the police or military and provide him with the addresses and phone numbers of several government agencies.

    First, it is improper for a party to communicate directly with court personnel. Simply mailing a letter to the Clerk of Court, the judge, or any court personnel is unacceptable. Any request for action by the Court must be in the form of a motion that complies with the Rules of Practice of the United States District Court for the District of Arizona (the Local Rules). Any future letters directed to the Clerk of Court, the judge, or any court personnel will not be filed, will be stricken from the record, and will be returned to Plaintiff.

    With respect to Plaintiff's request for return of the filing fee, 28 U.S.C. §1915(b)(1) states:

> [I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of–
> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6–monthly period immediately proceeding the filing of the complaint or notice of appeal.

    Title 28 U.S.C. § 1915 does not provide any authority or mechanism for the Court to waive the payment of Plaintiff's filing fee, or to return the filing fee after dismissal of an action.

    It is clear that in amending 28 U.S.C. § 1915 with the enactment of the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996) (PLRA), Congress intended to provide financial disincentives for prisoners filing lawsuits in forma pauperis. See Lyon v. Krol, 127 F.3d 763, 764 (8th Cir.1997) ("Congress enacted PLRA with the principal purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoners wishing to file civil claims. See, e.g., H.R. Conf. Rep. No. 104-378, at 166-67 (1995); 141 Cong. Rec. S14626 (daily ed.) (Sept. 29, 1995) (statement of Sen. Dole)").

1  The decision to file and prosecute this case was made by Plaintiff before he filed this case. Having filed this case, Plaintiff and the Court are both statutorily limited by the strictures of 28 U.S.C. § 1915. Accordingly, Plaintiff's request to return the filing fee in this matter will be denied.

With respect to Plaintiff's requests regarding where to file complaints, and addresses and phone numbers for federal agencies, the Court does not provide legal advice or assistance. The Court will therefore deny these requests.

**IT IS THEREFORE ORDERED** that Plaintiff's January 24, 2011 Letter (Doc. 12), which the Court has construed as a Motion for Return of Filing Fee, is **denied**.

DATED this 1st day of February, 2011.

_____
G. Murray Snow
United States District Judge